Jamie M. Brickell (jbrickell@pryorcashman.com)
Anna E. Hutchinson (ahutchinson@pryorcashman.com)
Pryor Cashman LLP
410 Park Avenue, 10th Floor
New York, New York 10022-4441
Tel: 212-421-4100
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL ARNONE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CA., INC., the CA SEVERANCE PLAN, and ANDREW GOODMAN, as the Plan Administrator of the CA Severance Plan, and as the Senior Vice President of Human Resources of CA, Inc., sued in his official capacity,<br><br>　　　　　　Defendants. | 08-CV-4458 (SS)<br><br>**ANSWER** |

　　　　The above-captioned defendants ("Defendants"), by their attorneys Pryor Cashman LLP, hereby answer the Complaint, dated May 12, 2008 (the "Complaint") as follows:

　　　　1.　　Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

　　　　2.　　Admit the allegations set forth in Paragraph 2 of the Complaint.

　　　　3.　　Admit that CA maintains a severance plan for the benefit of CA's employees.

　　　　4.　　Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint except admit that Andrew Goodman is Plan Administrator for the CA Severance Plan and Senior Vice President of Human Resources at CA.

751170　　　　　　　　　　　　　　　　　　1

5. Deny the allegations set forth in Paragraph 5 of the Complaint.

6. Deny the allegations set forth in Paragraph 6 of the Complaint.

7. Admit the allegations set forth in Paragraph 7 of the Complaint.

8. Admit the allegations set forth in Paragraph 8 of the Complaint.

9. Deny the allegations set forth in Paragraph 9 of the Complaint.

10. Deny the allegations set forth in Paragraph 10 of the Complaint.

11. Deny the allegations set forth in Paragraph 11 of the Complaint.

12. Deny the allegations set forth in Paragraph 12 of the Complaint.

13. Admit the allegations set forth in Paragraph 13 of the Complaint.

14. Deny the allegations set forth in Paragraph 14 of the Complaint.

15. Deny the allegations set forth in Paragraph 15 of the Complaint.

16. Admit the allegations set forth in Paragraph 16 of the Complaint.

17. Admit the allegations set forth in Paragraph 17 of the Complaint.

18. Admit the allegations set forth in Paragraph 18 of the Complaint.

19. Admit the allegations set forth in Paragraph 19 of the Complaint.

20. Admit the allegations set forth in Paragraph 20 of the Complaint.

21. Admit the allegations set forth in Paragraph 21 of the Complaint.

22. Deny the allegations set forth in Paragraph 22 of the Complaint, except admit that Buonaiuto told Arnone he would review the surveillance tape and get back to Arnone and that Arnone was given an opportunity to admit taking the money in question.

23. Deny the allegations set forth in Paragraph 23 of the Complaint, except admit that Buonaiuto had a second meeting with Arnone during which they viewed the surveillance tape, and that Arnone was given another opportunity to admit taking the money in question.

24. Deny the allegations set forth in Paragraph 24 of the Complaint, except admit that Arnone was terminated during a December 5, 2006 meeting.

25. Deny the allegations set forth in Paragraph 25 of the Complaint.

26. Deny the allegations set forth in Paragraph 26 of the Complaint, except admit that Arnone was escorted off the premises.

27. Admit the allegations set forth in Paragraph 27 of the Complaint.

28. Deny the allegations set forth in Paragraph 28 of the Complaint, except to refer to the February 27, 2007 letter for the contents thereof.

29. Admit the allegations set forth in Paragraph 29 of the Complaint.

30. Deny the allegations set forth in Paragraph 30 of the Complaint.

31. Deny the allegations set forth in Paragraph 31 of the Complaint.

32. Admit the allegations set forth in Paragraph 32 of the Complaint.

33. Admit the allegations set forth in Paragraph 33 of the Complaint.

34. Deny the allegations set forth in Paragraph 34 of the Complaint.

35. Deny the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the allegations set forth in Paragraph 36 of the Complaint.

37. Deny the allegations set forth in Paragraph 37 of the Complaint.

38. Deny the allegations set forth in Paragraph 38 of the Complaint.

39. Deny the allegations set forth in Paragraph 39 of the Complaint.

40. Admit the allegations set forth in Paragraph 40 of the Complaint.

41. Admit the allegations set forth in Paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint in that the term "specified criteria" is vague and undefined.

44. Reallege each and every responsive allegation contained in paragraphs 1 through 43 above as if set forth more fully herein.

45. Deny the allegations set forth in Paragraph 45 of the Complaint.

46. Deny the allegations set forth in Paragraph 46 of the Complaint.

47. Reallege each and every responsive allegation contained in paragraphs 1 through 46 above as if set forth more fully herein.

48. Deny the allegations set forth in Paragraph 48 of the Complaint.

49. Deny the allegations set forth in Paragraph 49 of the Complaint.

50. Reallege each and every responsive allegation contained in paragraphs 1 through 49 above as if set forth more fully herein.

51. Deny the allegations set forth in Paragraph 51 of the Complaint.

52. Deny the allegations set forth in Paragraph 52 of the Complaint.

53. Deny the allegations set forth in Paragraph 53 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

54. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

55. Plaintiffs' claims may be barred, in whole or in part, by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

56. Plaintiffs' claims are barred, in whole or in part, because the losses or damages sustained, if any, are too speculative and uncertain.

### FOURTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims are barred, in whole or in part, by plaintiff's failure to mitigate damages, if any, allegedly suffered as a result of the conduct alleged in the Complaint

### FIFTH AFFIRMATIVE DEFENSE

58. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

59. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

60. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

61. Contrary to Plaintiff's allegations, the surveillance videotape described in the Complaint shows Plaintiff removing money from the ATM, and thus Defendants had good cause to terminate Plaintiff.

**WHEREFORE**, Defendants respectfully request this Court to enter judgment against plaintiff and in their favor dismissing all claims for relief alleged in the Complaint in their entirety, and awarding Defendants attorneys' fees and costs incurred in defending this action. Defendants pray for any such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 3, 2008

                PRYOR CASHMAN LLP

                By: _____
                Jamie M. Brickell (jbrickell@pryorcashman.com)
                Anna E. Hutchinson (ahutchinson@pryorcashman.com)
                *Attorneys for Defendant*
                410 Park Avenue
                New York, NY
                10022-4441
                (212) 421-4100


To:    Nathaniel B. Smith, Esq.
        111 Broadway – Suite 1305
        New York, NY 10006
        (212) 227-7062
        *Attorney for the Plaintiff*